UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD RANDOLPH,

                         Plaintiff,

v.

DOCCS; HASAN DUTTON; STEVEN
CARPENTER; MURDOCK; MICHAEL CAPRA;
DEPUTY SUPERINTENDENT OFFICER; JOHN
DOE CORRECTION OFFICER; JOHN DOE
CORRECTION OFFICER; JOHN DOE
CORRECTION SERGEANT; CORC,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/18

17-CV-0700 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Edward Randolph ("Plaintiff"), an inmate proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by filing a complaint (the "Complaint") on January 3, 2017. (*See* Compl. (ECF No. 1).) Plaintiff's claims allege violations of his Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment rights to procedural due process and Equal Protection against Steven Carpenter, C.O. Murdock, Michael Capra, Superintendent at Sing Sing Correctional Facility (collectively, the "Moving Defendants"), Hasan Dutton, and several John Doe Defendants. Presently before the Court is the Moving Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Moving Defendants' Motion"). (*See* The Moving Defendants' Brief in Support of their Motion to Dismiss ("Defs. Br.") (ECF No. 30).) For the following reasons, Defendants' Motion is GRANTED.[1]

---

[1] On October 5, 2017, this Court granted the Moving Defendants' request for leave to file the instant motion. (*See* ECF No. 26.) This Court waived the pre-motion conference requirement and issued the following briefing schedule: the motion was to be served on December 6, 2017, opposition on January 15, 2018, and reply by January 30, 2018. (*Id.*) On January 30, 2018, apparently after receiving no opposition from Plaintiff, the Moving Defendants filed their motion. (*See* ECF No. 29.) Despite the fact that the briefing schedule had already expired, in February of 2018, this Court held the motion in abeyance pending confirmation from Plaintiff that he was released from a psychiatric facility

1

# FACTUAL BACKGROUND

The following facts are derived from the Complaint and the documents annexed thereto; their truth is assumed for purposes of this motion only. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff is a *pro se* inmate who was housed at Sing Sing Correctional Facility ("Sing Sing") at the time of the alleged constitutional violations.[2] (*See* Compl. at 3.)[3] Approximately two weeks before July 13, 2014, Plaintiff was issued a Misbehavior Report charging him with committing "lewd acts" in the presence of a female officer, in addition to other charges. (*Id.*) Plaintiff thereafter had a disciplinary hearing related to this Misbehavior Report which resulted in a dismissal of the lewd acts charge[4] and a guilty disposition on some of the other charges for which Plaintiff was given "a 14 day disposition."[5] (*Id.*) Plaintiff contends that his "hearing officer refused to allow [his] witnesses to answer questions that [he] asked them", that he was "denied [his] right to call and question" witnesses, and he was "denied relevant material documentation in support of [his] defense." (*Id.* at 5.)

Following his disciplinary hearing, on July 13, 2014, Plaintiff was approached by Defendant Dutton, questioned about his alleged inappropriate conduct toward a female officer, and

---

and was able to respond to the motion. (*See* ECF No. 34.) The Court reserved decision on whether Plaintiff would be permitted to re-open the briefing schedule and oppose the motion until such time as the Court learned of Plaintiff's status. (*Id.*) In April of 2018, Plaintiff provided such an update and the Court re-opened the briefing schedule as follows: Plaintiff's opposition to be served by July 6, 2018 and the Moving Defendants' reply by July 23, 2018. (*See* ECF No. 41.) By July 18, 2018, neither the Court nor the Moving Defendants had received opposition papers from Plaintiff. Consequently, upon application of the Moving Defendants', this Court deemed the Motion fully submitted. (*See* ECF No. 42.) Plaintiff's July 25, 2018 request for pro bono counsel and yet another opportunity to re-open the briefing schedule and oppose the motion was denied by this Court on September 11, 2018. (*See* ECF No. 45.)

[2] Plaintiff is currently housed at Marcy Correctional Facility.

[3] As Plaintiff is proceeding *pro se* and his Complaint is not organized by numbered paragraphs, all citations thereto will be to pages as identified on ECF, not paragraphs.

[4] Plaintiff does not identify the other charges in the Misbehavior Report or the charges of which he was found guilty.

[5] Plaintiff does not define what he means by a "14 day disposition", but the Court assumes Plaintiff was given 14 days in the Special Housing Unit (the "SHU").

threatened. (*Id.* at 3.) Later that evening, during his medication run, he was allegedly assaulted by Defendants Carpenter, Dutton, and Murdock.[6]

Plaintiff otherwise contends that the "vicious and sadistic planned assaults", such as the one he suffered, "are a common occurrence within the Department of Corrections." (*Id.* at 4.) Plaintiff contends that the officers "can write false reports all day against [the inmates], and [they] get found guilty at the proceedings . . . ." (*Id.*) Plaintiff's assault, in particular, was "meant to bore [sic] [Plaintiff] ill will and malice, by intentionally treating [him] differently because [he] is a state prisoner/inmate." (*Id.* at 5.) Additionally, "Blacks, Hispanics and Caucasian inmates are usually intentionally abused by correction officers and treated unfairly just because they are prisoners . . . ." (*Id.* at 6.)

Finally, Plaintiff claims that Superintendent Capra failed to protect him from the subject assault. (*Id.* at 5.) Specifically, Plaintiff claims that he was "targeted and assaulted by the same security staff employed to uphold" a duty to ensure the safety of inmates. (*Id.*) Plaintiff alleges that "no obvious measures were taken, and or employed by the Superintendent's (Michael Capra's) department to prevent said assault." (*Id.*) Moreover, he claims that information he requested during his disciplinary process would prove his "theory that the Superintendent was indeed knowledgeable of such bad acts amongst his security staff . . . ." (*Id.* at 6.)

## LEGAL STANDARD

### I. <u>Rule 12(b)(6)</u>

On a Rule 12(b)(6) motion to dismiss, a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[6] The Court declines to detail the allegations related to the alleged claim for excessive force as the Moving Defendants have not sought dismissal of this claim. (*See generally* Defs. Br.) Thus, such facts have no bearing on the resolution of this motion.

its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Though the Court must accept all factual allegations as true, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements", or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

Complaints of *pro se* Plaintiffs are to be treated with great solicitude and should be construed in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). They must be read "to raise the strongest arguments that they suggest." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleading must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the Court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## II. Section 1983 Claims

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)). "To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights." *Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir. 2011) (citing *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002) (per curiam)); *see also Ross v. Westchester Cnty. Jail*, No. 10-CV-3937(DLC), 2012 WL 86467, at *9 (S.D.N.Y. Jan. 11, 2012). A defendant's conduct must therefore be a proximate cause of the claimed violation in order to find that the individual defendant deprived the plaintiff of his constitutional rights. *Ross*,

4

2012 WL 86467, at *9 (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)). Additionally, a plaintiff seeking monetary damages against the defendant must show personal involvement on the part of the defendant in the alleged constitutional deprivation as a prerequisite to recovery under § 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

**DISCUSSION**

Defendants Capra, Carpenter, and Murdock move to dismiss as follows: (1) the failure to protect claim against Capra as Plaintiff has not alleged that there was a substantial risk of harm known to Capra, (*see* Defs. Br. at 4-5); (2) the due process claims alleged regarding his disciplinary hearing, to the extent they are asserted against the Moving Defendants, (*id.* at 5); and (3) dismissal of Plaintiff's Equal Protection claim as against each of the Moving Defendants, (*id.* at 6-8.)

**I.** **Eighth Amendment**

To make out any Eighth Amendment claim, a Plaintiff must "satisfy a two-prong test with both objective and subjective components." *Banks v. William*, No. 11-CV-8667(GBD)(JLC), 2012 WL 4761502, at *3 (S.D.N.Y. Sept. 27, 2012), *report and recommendation adopted by* 2013 WL 764768 (Feb. 28, 2013).

The Eighth Amendment mandates that prison officials ensure the "reasonable safety" of inmates. *Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994). Consequently, prison officials have "a duty to protect inmates from harm threatened by other officers." *Bridgewater v. Taylor*, 832 F. Supp. 2d 337, 347 (S.D.N.Y. 2011); *see Laporte v. Keyser*, No. 12-CV-9463 (RJS), 2014 WL 4694344, at *3 (S.D.N.Y. Sept. 18, 2014). To raise a cognizable claim for failure to protect, "an inmate must satisfy a two-pronged test", demonstrating that (1) "he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) "prison officials acted with deliberate indifference to the inmate's health or safety." *Vincent v. Sitnewski*, 117 F. Supp. 3d 329, 336

5

(S.D.N.Y. 2015) (quoting *Farmer*, 511 U.S. at 834) (internal quotations omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Plaintiff's failure to protect claim against Capra must fail. Even assuming Plaintiff demonstrated that he was incarcerated under conditions which pose a substantial risk of serious harm, his allegations are insufficient to meet the deliberate indifference prong. Detrimental to Plaintiff's claim is the lack of allegations demonstrating that Capra knew that Plaintiff, in particular, faced harm. *See Vincent*, 117 F. Supp. 3d at 337 (must demonstrate that defendant "had actual or constructive knowledge that [plaintiff], in particular, faced harm in the prison yard); *Laporte*, 2014 WL 4694344, at *4 (dismissing failure to protect claim where "[t]here is simply no evidence in the record to suggest that Defendant was privy to the animosity between Plaintiff" and another individual); *Edney v. Kerrigan*, No. 00-CV-2240 (GBD) (JCF), 2004 WL 2101907, at *6 (S.D.N.Y. Sept. 21, 2004) (quoting *Melo v. Combes*, No. 97-CV-0204, 1998 WL 67667 (S.D.N.Y. Feb. 18, 1998) for proposition that failure to protect requires showing that "defendants had knowledge of the danger to the plaintiff himself as opposed to issues of prison safety in the most general sense"). Plaintiff's conclusory allegations that "no obvious measures were taken . . . to prevent" the assault, (*see* Compl. at 5), or that the "Superintendent was indeed knowledgeable of such bad acts amongst his security staff", (*id.* at 6), are insufficient.

Plaintiff otherwise wholly fails to allege that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, [such that] the circumstances [would] suggest that [Capra] . . . had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 842-43 (internal quotations omitted). The Moving Defendants' Motion in this regard is granted.

## II. Fourteenth Amendment

Plaintiff also alleges two claims arising out of the Fourteenth Amendment: a due process violation and an Equal Protection violation.

### A. Due Process

Though "[p]rison disciplinary proceedings are not part of a criminal prosecution", *Smith v. Fisher*, 803 F.3d 124, 127 (2d Cir. 2015) (quoting *Wolff v. McDonnell*, 418 U.S. 539 (1974)), "certain due process protections must be observed before an inmate may be subject to confinement in the SHU," *id.* (citing *Luna v. Pico*, 356 F.3d 481 (2d Cir. 2004)) (internal alterations omitted). This includes "advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and reasons for the action taken." *Id.* (quoting *Luna*, 356 F.3d at 487).

Regardless of the type of claim alleged pursuant to Section 1983, a plaintiff must properly plead personal involvement of each of the individual defendants. *Iqbal,* 556 U.S. at 676; *see also Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (enumerating ways an individual defendant allegedly may have violated the Constitution); *see also Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) (emphasis added), *cert. denied sub nom. Brooks v. Pataki*, 137 S.Ct. 380 (2016) ("[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity.").

This Court need not assess whether the allegations were sufficient to plead a cognizable claim for a due process violation, as plaintiff wholly failed to identify any Defendant against whom this claim is alleged. (*See* Compl. at 3, 5.) Instead, Plaintiff merely asserts that his "hearing officer

refused to allow [his] witnesses to answer questions" and that he was "denied [his] right to call and question a particular inmate witness," and "denied relevant material documentation." (*Id.*) Plaintiff does not identify who the hearing officer was, or otherwise allege that one of the Moving Defendants violated his due process rights. *See Rahman v. Fisher*, 607 F. Supp. 2d 580, 586 (S.D.N.Y. 2009) (dismissing due process claim where plaintiff did not allege "that any of the supervisory defendants was personally involved in the hearing violations themselves"); *see also Delee v. Hannigan*, 729 F. App'x 25, 32 (2d Cir. 2018) (summary order) (no due process claim where bare allegations of personal involvement); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 501 (S.D.N.Y. 2012) (dismissal warranted where plaintiff "failed to allege the personal involvement of *any* individual, let alone a defendant in this action . . . .") (emphasis added). This claim must be dismissed.

### B. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment holds that "[n]o State shall . . . deny to any person within this jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause "is essentially a direction that all persons similarly situated should be treated alike." *Brown v. City of Oneaonta*, 221 F.3d 329, 337 (2d Cir. 2000) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)) (internal quotation marks omitted). To state a cognizable Equal Protection claim, a "plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (*citing Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995)). A plaintiff must also demonstrate that the conduct "cannot survive the appropriate level of scrutiny which, in the prison setting, means that he must demonstrate that his treatment was not 'reasonably related to [any] legitimate penological interests.'" *Id.* (quoting *Shaw v. Murphy*, 532 U.S. 223, 225 (2001)).

There are three types of equal protection claims: (1) selective enforcement; (2) discriminatory intent; and (3) class of one. Both selective enforcement and discriminatory intention require a demonstration that "the conduct was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitution rights, or malicious or bad faith intent to injure a person." *Le Clair v. Saunders*, 627 F.2d 606, 609-10 (1980). The class of one theory permits a plaintiff, not in a protected class, to state a cognizable claim if she establishes that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diag. Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010); *Holmes v. Haugen*, 356 F. App'x 507, 509 (2d Cir. 2009) (summary order) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Under any theory, Plaintiff's claims fail. Plaintiff's Equal Protection claim essentially argues that he, and other inmates, are "usually intentionally abused by corrections officers and treated unfairly just because they are prisoners." (*See* Compl. at 6.) Consequently, he claims he is targeted for being a state prisoner/inmate. Simply put, inmates are not, by virtue of being inmates, members of a protected class. To the extent that Plaintiff could demonstrate as much, or that they are in a class of one, the Equal Protection claims would still fail. To establish any theory of an Equal Protection violation, a plaintiff must demonstrate that he is treated differently than others who are his similarly situated. *See Banks v. Cnty. of Westchester*, 168 F. Supp. 3d 682, 696 (S.D.N.Y. 2016) (dismissal proper in absence of allegations of "any meaningful comments, actions, or examples of similarly-situated persons outside of [his] protected class being treated differently"); *Best v. NYC Dep't of Corr.*, 14 F. Supp. 3d 341, 351 (S.D.N.Y. 2014) (plaintiff must "sufficiently plead the existence of 'similarly situated' others . . . ."); *A'Gard v. Perez*, 919 F. Supp. 2d 394, 406 (S.D.N.Y. 2013) ("no facts demonstrating that the plaintiff was treated differently from similarly situated inmates who violated prison regulations). Plaintiff has not and

cannot allege that he is treated differently from others similarly situated, because those others are also inmates whom Plaintiff alleges are all treated the same.

In light of Plaintiff's inability to allege inmate comparators, this claim must be dismissed with prejudice. *Nielson v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006) for proposition that "leave to amend a complaint may be denied when amendment would be futile"); *see also Castro-Sanchez v. N.Y.S. Dep't of Corr. Servs.*, No. 10-CV-8314 (DLC), 2012 WL 4474154, at *4 (S.D.N.Y. Sept. 28, 2012) (denying leave to amend).[7]

---

[7] The Moving Defendants also argue that they are entitled to qualified immunity. (*See* Defs. Br. at 8-9.) In light of this Court's decision to grant the Moving Defendants' Motion in its entirety and dismiss the due process claims, failure to protect claims, and the Equal Protection claims, the Court declines to consider qualified immunity at this time.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' Motion is GRANTED. The claim against Capra for failure to protect and the due process claims are dismissed without prejudice. The Equal Protection claim is dismissed against each of the Moving Defendants with prejudice. Plaintiff is granted leave to re-plead his failure to protect claim against Capra and his due process claims against the appropriate individual(s). Plaintiff is cautioned to include sufficient allegations of personal involvement of such individual(s) in the alleged violations at his disciplinary hearing. To the extent Plaintiff intends to amend his Complaint, he must do so on or before October 15, 2018.

The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 29. The Clerk of the Court is further respectfully requested to mail a copy of this Opinion & Order to Plaintiff's address as listed on ECF and show proof of mailing on the docket.

Dated: September 13, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMAN
United States District Judge