```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  02/01/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD RANDOLPH,

                        Plaintiff,

-against-

DOCCS, *et al.*,

                        Defendants.

No. 17 Civ. 700 (NSR)
ORDER ADOPTING
REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Edward Randolph ("Plaintiff") commenced this action on January 3, 2017, asserting claims pursuant to 42 U.S.C. § 1983, including claims for excessive force in violation of the Eighth Amendment to the United States Constitution, and violations of his Fifth and Fourteenth Amendment due process rights. This case was referred to Magistrate Judge Andrew E. Krause under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 72(b)(1).

Presently before the Court is Magistrate Judge Krause's Report and Recommendation ("R&R") on the Defendants' motion to dismiss for failure to prosecute. (ECF No. 118.) Therein, Judge Krause recommends the Court to grant Defendants' motion to dismiss. (*Id.*) For the following reasons, the Court ADOPTS Judge Krause's R & R in its entirety and GRANTS Defendants' motion to dismiss, and dismisses this action with prejudice.

## BACKGROUND

Plaintiff filed his complaint on January 3, 2017. (ECF No. 1.) Plaintiff filed an amended complaint on September 27, 2018. (ECF No. 53.) On October 4, 2021, the Court referred the matter to Judge Krause for general pretrial supervision, and a status conference scheduling order was

1

issued shortly thereafter. Plaintiff appeared at the scheduled conference on October 25, 2021, and informed the Court that he was in the custody of the New York City Department of Correction at Rikers Island. The Court set deadlines for certain discovery responses and adjourned the matter to January 13, 2022 for a telephone conference.

Plaintiff failed to appear at the January 13, 2022 conference. The Court rescheduled the conference to February 2, 2022 conference. Plaintiff again failed to appear. The Court then issued a scheduling order which warned Plaintiff that if Plaintiff again failed to appear for the rescheduled conference, "the Court may authorize Defendants to file a motion to dismiss the case for failure to prosecute." (ECF No. 96.) Each of the rescheduling orders had been mailed to Plaintiff at his address of record the docket.

Thereafter, Plaintiff appeared for telephonic status conference on February 18, 2022, March 23, 2022, and May 13, 2022. However, Plaintiff then failed to appear for six consecutive conferences on June 27, 2022, July 21, 2022, September 1, 2022, September 22, 2022, November 9, 2022, and December 12, 2022. (ECF Nos. 105, 106, 107, 112, 116.) As demonstrated by the docket, each of the rescheduling orders was mailed to Plaintiff at his address of record on the docket, and there is no indication that any of the mailings were returned for any reason.

After Plaintiff failed to appear for the September 1, 2022 conference, the Court issued a scheduling order, which also warns Plaintiff that if Plaintiff again failed to appear, "the Court will authorize Defendants to file a motion to dismiss the case for failure to prosecute. . . [which] could lead to dismissal of this lawsuit." (ECF No. 107.) After Plaintiff's failure to appear yet again on September 22, 2022, the Court, in accordance with its prior order, authorized Defendants to file a motion to dismiss for failure to prosecute. (ECF No. 112.)

On October 25, 2022, Defendants filed their motion to dismiss for failure to prosecute and served the same on Plaintiff at his address of record. (ECF Nos. 113-114.) Plaintiff did not file any opposition by the Court-ordered deadline. As of January 23, 2023, Plaintiff had not made a filing in response to the motion nor contacted the Court.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

3

**DISCUSSION**

Judge Krause issued the R & R on January 9, 2023. The parties had until January 23, 2023 to file objections, but neither filed any. In the absence of any objections, the Court has reviewed Judge Krause's R&R for clear error and found none.

As Judge Krause more fully discussed in the R&R, Defendants' motion for failure to prosecute should be dismissed under Fed. R. Civ. P. 41(b), which requires plaintiffs to diligently prosecute his or her case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, Plaintiff's action should be dismissed because: (i) Plaintiff's failure to prosecute caused a delay of significant duration; (ii) Plaintiff was given notice that further delay would result in dismissal; (iii) Defendants are likely to be prejudiced by further delay; (iv) the Court's interest in reducing docket congestion and freeing limited judicial resources outweighs the need to give Plaintiff more time; and (v) a sanction of dismissal is appropriate. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (setting out factors that courts consider when considering dismissal for failure to prosecute).

First, Plaintiff's failure to prosecute caused a delay of significant duration. Plaintiff has neglected to prosecute his case since February 2022. Plaintiff has failed to appear at multiple conferences and failed to inform the Court or Defendants' counsel of his current contact information, despite being informed of his obligation to do so. "Courts have found dismissal appropriate for even shorter delays when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his or her] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (internal quotation marks omitted).

Second, Plaintiff was given notice that further delays would result in dismissal. The Court repeatedly notified Plaintiff in scheduling orders that his failure to appear would result in the Court granting Defendants permission to make a motion to dismiss for failure to prosecute. Yet Plaintiff failed to appear at all subsequent conferences.

Third, Defendants will presumptively be prejudiced by further delays. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013). The events in which the case is based occurred in July 2014—eight years ago—and any additional passage of time caused by Plaintiff's failure to prosecute may prejudice Defendants. *See Edwards v. Horn*, No. 10-cv-6194 (RJS) (JLC), 2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012).

Fourth, the Court's interest in freeing up limited judicial resources outweighs the need to give Plaintiff more time. The action has remained inactive because of Plaintiff's failure to appear at conferences or progress with discovery. *See Lukensow*, 124 F.R.D. at 67 ("[T]here can be no assertion by plaintiffs that the dismissal of this action denies them their right to due process and a fair opportunity to be heard. The fact is that this dismissal results from plaintiffs' own conduct. The result could have been avoided by pressing their claim in the adversary proceeding.").

Lastly, dismissal is the appropriate sanction in this instance. Plaintiff cannot be given notice of any sanction less than dismissal because he has not provided any method for the Court to contact him. *Lukensow*, 124 F.R.D. at 67 ("In the case at bar, no sanction other than dismissal will suffice. Plaintiffs cannot be contacted by this Court and, therefore, any lesser sanction would be both unenforceable and ineffective in this abandoned action.").

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS Judge Krause's R & R in its entirety. Accordingly, the Court GRANTS the Defendants' motion to dismiss for failure to prosecute, and dismisses this action with prejudice. The Court directs the Clerk of Court to terminate the motion at ECF No. 113, terminate the case, and mail a copy of this Order to *pro se* Plaintiff at his last known address on the docket and show proof of service.

SO ORDERED.


Dated: February 1, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE